MILLIE PERSON VAUGHN AND GEORGE LOUIS VAUGHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vaughn v. Commissioner
Docket No. 12435-90
United States Tax Court
T.C. Memo 1992-317; 1992 Tax Ct. Memo LEXIS 339; 63 T.C.M. (CCH) 3094; June 4, 1992, Filed *339 An appropriate order and decision will be entered under Rule 155. George Louis Vaughn, pro se. Ronald M. Rosen, for respondent. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined a deficiency of $ 2,297.80 in petitioners' 1986 Federal income tax. In addition, respondent determined an addition to tax under section 6653(a)(1)(A) for $ 114.89, and section 6653(a)(1)(B) for 50 percent of the interest due on the portion of the deficiency attributable to negligence. At trial, respondent filed a motion for a penalty under section 6673. After a concession by respondent, [2] the issues for decision are: (1) Whether petitioners received unreported income in the amount of $ 7,413.88; [3] (2) whether petitioners are subject to additions to tax for negligence under section 6653(a)(1)(A) and (B); and (3) whether respondent's motion under section 6673 should be granted. *340 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners resided in Los Angeles, California. Petitioners bear the burden of showing that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Unreported Income
On December 2, 1985, George Louis Vaughn (petitioner) entered into a consulting agreement with American Diversified Capital Corp. (ADCC), a California corporation, located in Costa Mesa, California. Therein, petitioner agreed to perform services as an independent contractor to assist ADCC with the acquisition of European banks. Under the agreement, petitioner was to be paid the lesser of $ 60 per hour, $ 400 per day, or $ 8,333 per month. ADCC was also to reimburse petitioner for all reasonable and necessary expenses incurred in the performance of the duties contemplated therein, such as airline travel, long distance telephone charges, hotel accommodations, meals, and miscellaneous expenses. Thereafter, petitioner incurred various expenses traveling *341 to and from Britain, Germany, France, and Switzerland in an attempt to acquire banks for ADCC in Britain and Switzerland. Petitioner testified that he incurred at least $ 44,128.63 in expenses while traveling abroad, and had been reimbursed $ 36,714.75 by wire transfers sent by Mr. Sahni (Sahni), the chairman and chief executive officer of ADCC. The issue herein revolves around two payments received by petitioner from American Diversified Savings Bank (ADSB) (an affiliate of ADCC) during 1986. Petitioner received two checks from ADSB in the amounts of $ 6,391.48 and $ 1,022.40 dated January 3, 1986, and June 4, 1986, respectively. Petitioner deposited these checks into his personal bank account on January 6, 1986, and July 18, 1986, respectively. The check for $ 1,022.40 was issued in response to a "consultant statement" or invoice submitted by petitioner to Mr. Hinman, general counsel for ADCC. The invoice reflected $ 860 in consulting services (2 days at $ 400 plus 1 hour at $ 60) in addition to $ 162.40 for overseas telephone calls. No similar invoice was submitted to the Court regarding the check for $ 6,391.48. Respondent determined the two checks represented unreported *342 service income received pursuant to petitioner's consulting agreement with ADCC. See sec. 61. Petitioner, however, contends that (1) the presumption of correctness in the notice of deficiency was adequately rebutted by petitioner, thus placing the burden of going forward with evidence on respondent (a burden which petitioner maintains was not met); (2) petitioner's failure to receive a Form 1099-MISC from ADCC establishes he did not receive taxable income; and (3) such amounts constitute reimbursement of expenses incurred in performing his duties, and represent the balance of the $ 44,128.63 in incurred expenses. Petitioner's first two contentions can be easily disposed of. Petitioner maintains that, as a result of his testimony herein, respondent, under the "doctrine" of Compton v. United States, 334 F.2d 212 (4th Cir. 1964), "had the clear burden of going forward with the evidence," a burden which was not met. Petitioner's interpretation of Compton is erroneous, in that petitioner has the burden of going forward with the evidence to rebut the presumption that the Commissioner is correct. Accordingly, petitioner's first contention must fail. We also *343 disagree with petitioner's second contention. Section 6041(a) requires a payor to issue a Form 1099-MISC to a nonemployee payee (as well as to respondent) regarding remuneration for services in excess of $ 600. Accordingly, since ADCC did not issue a Form 1099-MISC, petitioner maintains (by negative inference) that he could not have earned income for services rendered to ADCC. This argument is without merit. Even assuming petitioner did not receive a Form 1099-MISC from ADCC, this, in and of itself, does not convert taxable income into nontaxable income. Section 6041(a) is a reporting statute, and the failure to follow such reporting requirements does not constitute a basis for the exclusion of income. Finally, petitioner contends that the amounts at issue were in the nature of reimbursements, and not payment for services rendered. Section 61(a) generally provides gross income means all income from whatever source derived, unless specifically excluded by another provision of the Internal Revenue Code. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Under this definition, reimbursements for expenses are includable in gross income, but the *344 expenses, if deductible and substantiated, may be deducted from gross income or adjusted gross income, depending on the nature of the expense. Thus, the independent contractor usually files a Schedule C with his income tax return reporting all income, including reimbursements, and deducting all ordinary and necessary business expenses. We are aware of instances where the receipt of expense reimbursements does not require this reporting treatment. See, e.g., sec. 1.162-17(b), Income Tax Regs., relating to reimbursements of expenses by employers to employees; see also Amos v. Commissioner, T.C. Memo. 1985-133. But that regulation does not apply to an independent contractor such as petitioner. Accordingly, petitioner must report as income the amount of the checks received on behalf of ADCC. We express no opinion as to petitioner's actual receipt of the various wire transfers, as respondent has raised no issue in that regard. Moreover, it is not clear from the record whether those wire transfers were advances to petitioner to be accounted for in the future. This is due in part to petitioner's lack of cooperation with regard to stipulating facts or coming forward *345 with the necessary documentation to explain how, in what names, and for what reasons various funds were received by him from ADCC, ADSB, and Sahni (with the exception of the invoice for $ 1,022.40). We now consider whether petitioner has substantiated any deductible expense. Section 162(a) permits a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving they are entitled to any deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.If a claimed deduction is not adequately substantiated, and if such deduction is not subject to the provisions of section 274, we may be permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Petitioner received *346 the checks for $ 1,022.40 and $ 6,391.48 and deposited them to a personal checking account. Petitioner has submitted numerous receipts for travel and other expenditures, the total of which supposedly is $ 44,128.63. From this total amount, petitioner subtracted the total of the two checks received ($ 7,413.80) to arrive at the conclusions: (1) He had received additional funds of $ 36,714.75, and (2) he had no unreported income. We must disagree. First, petitioner has not demonstrated that any sums were paid by him from his own funds, with the possible exception of $ 162.40. Petitioner has neither provided this Court with any canceled checks to support his claimed deductions nor shown any cash withdrawals from his checking account at or about the time he allegedly incurred cash expenditures. It is more than likely petitioner received advances from Sahni, which funds are not at issue here, and used such advances to pay the various expenditures claimed. Indeed, we cannot conceive of a person in petitioner's role expending large amounts of his own funds on international travel with the hoped-for reimbursement based on a contractual relationship. We are confident other documents *347 exist which would explain the nature of the $ 6,391.48 payment and itemize in detail petitioner's expenditures (i.e., such as a report to Sahni). But petitioner has not seen fit to offer such documentation to the Court. The records submitted are a conglomeration of various paid bills, some of which are in foreign denominations, with no stated tie-in to actual business purposes and travel itineraries. The only support for most of the receipts as to business purpose is petitioner's uncorroborated self-serving testimony, which we do not accept. Accordingly, we do not find petitioner incurred any unreimbursed expenditures out of his own funds for which a deduction is allowable, except that, in view of the fact ADCC reimbursed petitioner $ 162.40 for business telephone expense, we allow that amount as a deduction. Section 6653(a)
Respondent determined additions to tax for negligence for 1986. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax of 50 percent of the interest due on that portion of underpayment attributable *348 to negligence. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of showing respondent's determinations to be erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners have utterly failed to establish they were not negligent concerning the unreported income. Although petitioner may have received numerous wire transfers for expenses while in Europe, he has not established to the satisfaction of this Court that the two checks received herein were of the same nature. Indeed, the documentation provided for one of the checks clearly indicates that it was primarily payment for consulting services. Furthermore, petitioner has not established that he incurred deductible business expenses over and above those for which he was reimbursed. Accordingly, we sustain respondent on this issue. Section 6673
Respondent has moved for a penalty pursuant to section 6673 on the ground that petitioner pursued this case primarily for delay and that his position *349 maintained herein is frivolous and groundless. We note petitioner's behavior in this case did not constitute model behavior, and although we are troubled by petitioner's actions herein, we do not find that this case constitutes a proper one for the imposition of sanctions pursuant to section 6673. There is some indication in the record that petitioner had serious medical problems during this period. Moreover, petitioner did ultimately raise a valid issue concerning possible deductions, but failed to provide adequate substantiation. Accordingly, we will deny respondent's motion. To reflect the foregoing, An appropriate order and decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent conceded the adjustment for medical and dental expenses set forth in the notice of deficiency. ↩
3. The parties have agreed that if we hold for respondent, the unreported income in issue is subject to self-employment tax.↩